WALDEN, Judge
(dissenting):
I respectfully dissent because the manifest and overwhelming evidence compels the conclusion that the testatrix lacked testamentary capacity at the time she executed the' will in question.
An appellate court — a court of law— should not approve such an unpretty and unjust picture as was painted by these circumstances:
A. Arr unnatural result was obtained in the contested will. She shunned her blood relatives in favor of non-related persons whose status and bona fides were open to question. The preference was without a real basis or reason in the record.
B. The decedent was severely addicted to alcohol and drugs. Because of her various incapacities, mental and physical, a trustee was appointed to care for her estate in 1962.
C. The decedent was declared incompetent in 1964 and committed due to chronic and acute alcoholism plus barbiturate habituation and diagnosed as passive-aggressive personality, depression, paranoid trends and addiction to drugs and alcohol. She was released in January 1965 against medical advice. Letters of discharge were issued in December 1966.
D. The will in question was executed in October 1966, about five and one-half months prior to testatrix’ death. Despite her situation, the will was not read, explained or discussed with her at the time of execution.
E. The testimony of Dr. Roberts is the most compelling as he, as the testatrix’ physician, examined her two days prior to the execution of the will and his is the only medical testimony on the issue. He had also seen her on September 8, 1966, and September 15, 1966. He testified extensively to the effect that she was confused and without capacity to comprehend and he strongly opined that she was not competent.
F.Many lay witnesses testified and there is some conflict. However, the salient facts are either uncontradicted or the negative testimony is so slight and ineffectual as to be unworthy of consideration as a matter of law. A reading of this record leads to only one legal conclusion — that Mrs. Whitehead was pitifully ill and without capacity to dispose of her estate in October 1966.
I would surely reverse and remand with instructions to rescind the probate of the 1966 will and to grant probate to the 1960 will, which 1960 will was executed at a time when the testatrix was well and in control of her faculties.